806 F.2d 258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Raymond Gale CHAPMAN, Appellant.
UNITED STATES of America, Appellee,
v.
Larry Robert BIESEMEIER, Appellant.
 Nos. 86-5528(L), 86-5529.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 26, 1986.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, United States District Judge. (CR H-85-0453).
 Mark M. Katz (James E. Sharp; V. Thomas Lankford; Sharp, Green & Lankford on brief), for appellant Raymond Gale Chapman.
 Fred Warren Bennett, Federal Public Defender; Thomas Mason, Assistant Public Defender; Susan M. Bauer, paralegal on brief, for appellant Larry Robert Biesemeier.
 Elizabeth H. Trimble, Assistant U.S. Attorney (Breckinridge L. Wilcox, U.S. Attorney; Glenda G. Gordon, Assistant U.S. Attorney on brief), for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Raymond Gale Chapman and Larry Robert Biesemeier were indicted and tried jointly by the court for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846. Biesemeier was also indicted and tried in the same trial for use of a firearm to commit a felony, a violation of 18 U.S.C. Sec. 924(c)(1). Both were convicted of the conspiracy and Biesemeier was also convicted on the firearm charge. They now appeal, contending there was insufficient evidence of an agreement between them to possess the cocaine jointly.*
 
 
 2
 In August 1984, Chapman and Biesemeier were contacted separately in Colorado by a government informant, Will Stanley, about a potential cocaine purchase. Stanley represented that he was acting as a middleman and offered to sell a minimum of three kilograms of cocaine for $41,000 a kilogram. Neither Chapman nor Biesemeier, however, could raise enough money to buy three kilograms on his own. Following several phone conversations with Stanley, each learned the other was also dealing with Stanley and the two proceeded to discuss making a joint purchase. Biesemeier previously had worked as a subordinate in Chapman's distribution operation and much of their negotiations involved how much commission Biesemeier would pay Chapman.
 
 
 3
 On September 24, 1984, Chapman and Biesemeier flew to Dulles Airport, where Stanley met and escorted them to Maryland. They initially intended to drive back to Colorado together, but Biesemeier later decided he would fly back. After spending the night in the same hotel, Chapman and Biesemeier traveled together to meet with Stanley in another hotel, where the cocaine was to be delivered. Biesemeier brought $45,000 in cash and Chapman brought $25,000 in cash and art work he valued at $100,000 as collateral. Agent Boykevich, the supposed supplier, arrived and discussed the transaction with them, emphasizing he would deliver three kilograms. During the meeting, Biesemeier possessed a handgun and placed it next to where he lay on a bed. When Boykevich left to get the cocaine, Chapman and Biesemeier were arrested.
 
 
 4
 The district court made a detailed review of the evidence and found that it established beyond a reasonable doubt that the defendants were engaged in a joint attempt to possess cocaine for distribution. It specifically found that an agreement to work together could be inferred from Chapman and Biesemeier's actions and that each had committed all the other acts necessary to establish a conspiracy. We agree, and affirm their convictions based on the reasoning of the district court. United States v. Chapman and Biesemeier, Cr. No. H-85-0453 (D.Md., Nov. 29, 1985).
 
 
 5
 AFFIRMED.
 
 
 
 *
 Biesemeier also argues that if his conspiracy conviction were reversed, he must be acquitted of the firearm charge as a matter of law